IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ROUTE APP, INC.**, a Delaware Corporation<br><br>    Plaintiff,<br><br>vs.<br><br>**ORDERPROTECTION.COM, INC.**, a Delaware Corporation; **JULIAN WILSON**, an individual; **JOHN CLARK**, an individual; **MATTHEW J. LEFRANDT**, an individual; **JOHN PERKINS**, and individual; **TANNER B. CHATTERLEY**, and individual; and **LUKE STEELE**, and individual,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CV-00606-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to unseal pursuant to Rules 5-2 and 7-1 of the District of Utah Local Rules. The court does not believe that a hearing will significantly aid in its determination of the motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## BACKGROUND

On September 5, 2023, Plaintiff filed the Complaint and Jury Demand [ECF No. 1]. On April 11, 2024, Plaintiff filed (1) the redacted Motion for Preliminary Injunction [ECF No. 29]; (2) the redacted Watts Declaration [ECF No. 30]; (3) the redacted Garvey Declaration [ECF No. 31]; (4) the redacted Coulter Declaration [ECF No. 32]; and (4) the redacted Mortensen Declaration [ECF No. 33]. Along with these, Plaintiff also filed a Motion for Leave to File

1

Under Seal [ECF No.34], seeking to file under seal: (1) the unredacted of Plaintiff's Motion for Preliminary Injunction [ECF No. 35]; (2) the unredacted Watts Declaration [ECF No. 36]; (3) the unredacted Coulter Declaration [ECF No. 38]; (4) Exhibits 1 through 10 attached to the Garvey Declaration [ECF No. 37]; and (5) Exhibit 2 attached to the Mortensen Declaration [ECF No. 39]. Plaintiff alleged that these documents contained Plaintiff's "confidential trade secrets and confidential proprietary business information, including information regarding its products, customers, employees, salaries, and benefits." The court granted this motion.

The sealed information contained in these documents can be described as follows: (1) allegations that Plaintiff invested time and money into the development of Route Protect; (2) allegations that Defendants solicited Plaintiff's employees; (3) allegations that Defendants solicited Plaintiff's merchant; (4) generic categories of Plaintiff's alleged trade secrets; (5) employment agreements between the parties; (6) non-disclosure agreements between the parties; (6) non-competition, Confidentiality, and Non-Solicitation Agreement between Plaintiff and Steele; Plaintiff's Responses to Defendants' First Set of Discovery Requests; (7) Plaintiff's employee handbook.

## DISCUSSION

"Court filings in this district are 'presumptively open to the public,' and '[t]he sealing of pleadings, motions memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged.'" *Merrill v. Scottsdale Ins. Co.*, 2021 WL 1873961, at *2 (D. Utah May 10, 2021) (citing DUCivR 5-3(a)(1)). "[T]he court may permit documents to sealed on a 'showing of good cause,' [and] it is within the court's discretion to seal documents where 'the public's right of access is outweighed by competing interests.'" *Id*. "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform our decision-making process." *Id*.

Here, Plaintiff has failed to and cannot articulate a real and substantial interest that justifies concealing this information from the public given that the Sealed Documents have already been publicly disclosed by Plaintiff, contain only vague generalizations, and serve a central role in the Motion for Preliminary injunction. Plaintiff argues that under the auspices of seeking to unseal certain documents, Defendants are actually asking the court to determine that Plaintiff's confidential information and trade secrets are not protectible and should therefore be disclosed to the public. This is not the case. Defendants are simply asking the court to unseal the documents and exhibits that Plaintiff filed to support its Motion for Preliminary Injunction.

Plaintiff argues that the documents should remain sealed because in the Stipulated Protective Order [ECF No. 28] the parties stipulated "that the parties could designate as "CONFIDENTIAL" any document that "constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of a Party." Protective Order §I.A. While this agreement might have been made between the parties, it is well within the court's discretion to evaluate the redacted portions in the Sealed Documents and determine whether that information is entitled to ongoing protection. *See C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-cv-00754, 2022 WL 21295887, at *3n4 (D. Utah Sep. 30, 2022).

Plaintiff argue that the information is confidential. They explain that the contracts are confidential because "the Employment Agreements require Defendants to keep confidential 'any and all confidential knowledge, data or information" of Route, including 'contracts and their contents.'" This argument is not compelling. Plaintiff was the ones who submitted the contracts as evidence, and the court is the one unsealing them. The Defendants are not breaching that

3

portion of the agreement in any way. Plaintiff has not provided the court with any sound argument as to why it is necessary that the information in these documents be sealed.

## CONCLUSION

The court GRANTS Defendants' Motion and ORDERS the Sealed Documents to be unsealed.

DATED this 29th day of July 2024.

                BY THE COURT:

                DALE A. KIMBALL
                United States District Judge