IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ORDERPROTECTION.COM, INC., a Delaware corporation; JULIAN WILSON, an individual; JOHN CLARK, an individual; MATTHEW J. LEFRANDT, an individual; JOHN PERKINS, an individual; TANNER B. CHATTERLEY, an individual; and LUKE STEELE, an individual.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON ROUTE APP'S MOTION TO DISMISS<br><br>Case No. 2:23cv606 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Route App, Inc.'s ("Route") Motion to Dismiss, which seeks dismissal of two counterclaims asserted by OrderProtection.com, Inc. ("OrderProtection").[1] The court held oral argument on October 2, 2024. At the hearing, David L. Mortensen and Brandon T. Christensen represented Route. Troy J. Aramburu and Natalie Page Beal represented OrderProtection. At the conclusion of the hearing, the court took the matter under advisement. Now being fully informed, the court issues the following Memorandum Decision and Order granting Route's Motion to Dismiss but allowing OrderProtection to file a Motion for Leave to Amend its Counterclaim regarding its business disparagement cause of action if it is able to state a proper claim, as discussed below.

---
[1] ECF No. 65

1

## BACKGROUND

This case involves a dispute between Route, a post-purchase shipping insurance provider, and a competitor, OrderProtection. In its Complaint, Route alleges that OrderProtection and several of Route's former employees misappropriated trade secrets to create a competing business. In response to Route's Complaint, OrderProtection filed an Answer and Counterclaims, asserting four causes of action: (1) Unfair Competition in Violation of the Lanham Act; (2) Defamation Per Se/Defamation/Business Disparagement; (3) Tortious Interference with Existing and Prospective Economic Relations; and (4) Negligent Misrepresentation.

After Route filed the instant Motion to Dismiss, which seeks the dismissal of OrderProtection's second and fourth causes of action in its Counterclaim, OrderProtection voluntarily dismissed the fourth cause of action for negligent misrepresentation. Accordingly, Route's Motion to Dismiss pertains solely to OrderProtection's second cause of action for "Defamation/Defamation Per Se/Business Disparagement." Route seeks to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The facts pertaining to OrderProtection's claim for "Defamation/Defamation Per Se/Business Disparagement" are essentially that Route employees have allegedly told OrderProtection customers and potential customers that they should work with Route instead of OrderProtection because Route is a "legal insurance provider" and OrderProtection is not. OrderProtection alleges, for example, that on or about February 6, 2024, a Route Customer Success Manager, Alex Park, was engaging in commercial advertising and promotional marketing of Route's products by contacting potential customers. According to OrderProtection, during an email exchange, Mr. Park made the following false statements to a merchant that had

2

decided not to use Route and was instead using OrderProtection: Mr. Park claimed that Route is "a legal insurance provider while Order Protection is not." Mr. Park also included a link to an article about "the risks of offering shipping insurance by unlicensed services like OrderProtection" and stated, "I'm not sure if they ever plan to go the legit path with proper insurance licensing but I think it is unfair that they put their customers at risk," insinuating that by using OrderProtection, the merchant was risking being in violation of some insurance regulations. According to OrderProtection, this is a common "elevator pitch" used by Route salespeople and that Route's employees knew or should have known that the statements they were making were false.

OrderProtection argues that Route is not a licensed insurance company and that, at best, Route affiliates with an insurance producer to procure its own insurance coverage (which does not benefit customers or merchants). More importantly, according to OrderProtection, both Route and OrderProtection in essence both self-fund the warranty protection they provide, and thus a customer is no better off with Route's protection package than with OrderProtection's competitive offering.

## DISCUSSION

**1. Defamation and Defamation Per Se**

In its Motion to Dismiss, Route argues that, to the extent OrderProtection has asserted a claim for defamation and defamation per se, these claims should be dismissed because defamation applies to individual reputations—not to business reputations—and those causes of action are therefore inapplicable to OrderProtection, a business entity.

In its Opposition Memorandum, OrderProtection conceded its defamation and defamation per se claims, but it relied on case law from defamation and defamation per se cases to argue that

it had properly alleged a business disparagement claim. At oral argument, however, it surprisingly reversed course and contended that it had not conceded its defamation and defamation per se claims.

Specifically, while OrderProtection's Opposition Memorandum does not explicitly state that it conceded its defamation and defamation per se claims, OrderProtection never addresses Route's argument that it could not properly maintain these causes of action in the context of this case. Moreover, the Memorandum in Opposition contains one argument heading, which reads, "OrderProtection's Second Cause of Action for Defamation, Defamation Per Se, and Business Disparagement Meets the Minimum Pleading Standard."[2] Importantly, however, the two subheadings pertain solely to the business disparagement claim:

 a. OrderProtection Properly Asserts a Claim for *Business Disparagement*; and

 b. OrderProtection's *Business Disparagement Claim* Meets the Minimum Pleading Standard."[3]

In neither of these subsections does OrderProtection address whether its defamation or defamation per se claims should remain. Additionally, OrderProtection's Opposition Memorandum argues in the "CONCLUSION" that "OrderProtection has sufficiently pled its claim for *business disparagement* under the liberal pleading standards and Route App's Motion should be denied as to the Second Cause of Action in its Counterclaims. Should the Court find that OrderProtection's allegations are not sufficient to state a *business disparagement* claim, OrderProtection requests that the Court grant it leave to amend its Counterclaims."[4]

---

[2] ECF No. 71 at 6.
[3] *Id.* at 6-7 (emphasis added).,
[4] ECF No. 71 at 9-10 (emphasis added).

Because OrderProtection did not oppose dismissal of its defamation and defamation per se claims in its Opposition Memorandum, it conceded them. Reversing course during oral argument and denying that these claims had been conceded deprived Route of a meaningful opportunity to respond to OrderProtection's arguments. Indeed, not only did the court interpret OrderProtection's Opposition Memorandum to have conceded these claims, but Route was under the same impression, stating in its Reply Memorandum "Introduction" that "[i]n its Opposition, OrderProtection admits that it cannot bring claims for defamation or defamation *per se*."[5]

Even if OrderProtection had not conceded these claims, it failed to establish that these claims are viable in the context of this case. OrderProtection did not respond to Route's argument that the Utah Supreme Court, in *Direct Imp. Buyers Ass'n v. KSL, Inc.*, determined that a claim regarding statements made about a plaintiff's product was not for "libel and slander," but "actually for injurious falsehood" or business disparagement.[6] OrderProtection did not make an argument, much less cite any case law in its Opposition Memorandum, that courts interpreting Utah law have determined that a business entity—as opposed to an individual person—may assert a claim for defamation or defamation per se in addition to a business disparagement claim. Further, OrderProtection made no argument that Utah law recognizes a "hybrid" cause of action for "Defamation Per Se/Defamation/Business Disparagement," wherein a business disparagement claim may be analyzed using defamation or defamation per se case law rather than case law pertaining to a business disparagement claim. Accordingly, to the extent

---

[5] ECF No. 77 at 2; *see also id.* at 4.
[6] ECF No. 65 at 7 (citing *Direct Import Buyers*, 538 P.2d 1040, 1042 (Utah 1975), overruled on other grounds in later appeal sub nom. *Direct Imp. Buyer's Ass'n v. KSL, Inc.*, 572 P.2d 692 (Utah 1977)).

OrderProtection intended to assert separate claims for defamation and defamation per se, those claims are dismissed with prejudice.

2.      **Business Disparagement**

The parties agree that to state a claim for business disparagement (sometimes called injurious falsehood), OrderProtection must allege (1) falsity of the statement made; (2) malice by the party making the statement; and (3) special damages.[7] Route argues that OrderProtection has failed to state a claim for two reasons: (1) there is no allegation of a false statement because the statement at issue—specifically that OrderProtection is not a licensed insurance provider—is factually true, as admitted by OrderProtection; and, even if OrderProtection had alleged a false statement, (2) it has not alleged special damages. According to Route, while OrderProtection has made allegations of lost customers, it has not named specific individuals, nor has it alleged with particularity any financial losses, which is required under Rule 9(b) of the Federal Rules of Civil Procedure.[8]

OrderProtection counters that while Route's statements may be factually accurate, they are defamatory by implication. Specifically, OrderProtection argues that Route's problematic statements were framed in a way that falsely implied that OrderProtection's business model was illegal or improper. OrderProtection contends that it has sufficiently established the elements required to sustain a business disparagement claim under the "liberal pleading standard," and it

---

[7] *In2Networks, Inc. v. Honeywell Int'l,* No. 2:11-CV-6-TC, 2011 WL 4842557, at *3 (D. Utah Oct. 12, 2011) (citing *Farm Bureau Life Ins. Co. v. Am. Nat'l Ins. Co.*, 505 F. Supp. 2d 1178, 1191 (D. Utah 2007)).

[8] *IHC Health Servs. v. ELAP Servs., LLC.*, No. 2:17-cv-01245-JNP-EJF, 2018 WL 4688358, at *7-8 (D. Utah Sep. 28, 2018) (dismissing business disparagement claim that failed to "specifically state" special damages under Rule 9(g)).

seeks leave to file a Motion for Leave to Amend if the court finds that it has failed to state a claim.

In arguing that a liberal pleading standard applies, OrderProtection has not cited any case law to rebut Route's argument that Rule 9(b) applies to business disparagement claims,[9] nor has it cited any support for its argument that a liberal pleading standard applies to a business disparagement claim. This court declines to recognize a "business disparagement per se" cause of action in which special damages need not be alleged, and it declines to recognize a business disparagement claim that relies on a statement that is "false by implication," which is a concept that has been recognized in defamation cases. OrderProtection has not cited a single case in which a statement that is false by implication has been recognized in a business disparagement case. Accordingly, it has not sufficiently alleged a business disparagement cause of action under Utah law.

OrderProtection has asked this court to allow it to file a Motion for Leave to Amend Complaint. The court will permit it to file Motion for Leave to Amend but only as to the business disparagement claim and only if it is able to properly allege (1) a false statement (that is not false by implication); (2) malice by the party making the statement; and (3) special damages.

## CONCLUSION

For the foregoing reasons, Route's Motion to Dismiss [ECF No. 65] is GRANTED, and OrderProtection's claims for defamation and defamation per se are dismissed with prejudice. Its claim for business disparagement is dismissed without prejudice, and OrderProtection may file a

---

[9] *See* ECF No. 77 at 2, citing *Sec. Sys. v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1195 (D. Utah 2019) and *IHC Health Servs. v. ELAP Servs.*, No. 2:17-cv-01245-JNP-EJF, 2018 WL 4688358, at *7-8 (D. Utah Sep. 28, 2018).

Motion for Leave to Amend by January 10, 2025, if it is able to allege a proper business disparagement claim, as discussed above.

DATED this 9th day of December 2024.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge